**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LALITHA E. JACOB, M.D.,

      Plaintiff,

v.

MENTOR WORLDWIDE LLC,

      Defendant.

Case No.: 8:19-cv-00229-MSS-SPF

**DEFENDANT MENTOR WORLDWIDE LLC'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**
**AND DEMAND FOR A JURY TRIAL**

NOW COMES Defendant Mentor Worldwide LLC ("Mentor"), by and through its undersigned counsel, and for its answers and defenses to Plaintiff Lalitha Jacob's ("Plaintiff") Complaint [Doc. 1-1], states as follows:

**PARTIES AND JURISDICTION**

1.    Mentor admits that Plaintiff's Complaint alleges that the amount in controversy exceeds $75,000.00 exclusive of attorneys' fees, interest and costs.

2.    Mentor, upon information and belief, admits that Plaintiff is and, at all times relevant to this cause of action, was a resident of Pinellas County, Florida.

3.    Mentor admits that it is a Delaware limited liability company incorporated under the laws of the state of Delaware, and that it is authorized to do business and does business in Florida.  Mentor denies the remaining allegations in Paragraph 3 of Plaintiff's Complaint.

4.    Mentor lacks knowledge or information sufficient to form a belief as to

1

the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore denies them.

5.      Mentor admits that it conducts business in Florida.   The remaining allegations in Paragraph 5 of Plaintiff's Complaint are conclusions of law to which no response is required.  To the extent a response is required, Mentor denies the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6.      The allegations in Paragraph 6 of Plaintiff's Complaint are conclusions of law to which no response is required.  To the extent a response is required, Mentor denies the allegations in Paragraph 6 of Plaintiff's Complaint.

## FACTS SPECIFIC TO PLAINTIFF

7.      Mentor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore denies them.

8.      Mentor denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9.      Mentor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies them.

10.     Mentor denies the allegations in Paragraph 10 of Plaintiff's Complaint.

## FACTS SUPPORTING ALL COUNTS

11.     Mentor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies them.

12.     Mentor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore denies them.

13.     Mentor admits the allegations in Paragraph 13 of Plaintiff's Complaint.

14.     Mentor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies them.

15.     Mentor admits that Congress passed the Medical Device Amendments to the Federal Food, Drug and Cosmetic Act. Mentor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint, including footnotes 1 and 2, and therefore denies them.

16.     The allegations contained in Paragraph 16 of Plaintiff's Complaint assert legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Mentor admits that breast implants are classified as Class III devices. The remaining allegations contained in Paragraph 17 of Plaintiff's Complaint assert legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint, including footnote 3.

18.     Mentor admits that it was required to submit a pre-market approval to

the FDA for its breast implants, which was approved. The remaining allegations contained in Paragraph 18 of Plaintiff's Complaint assert legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Mentor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore denies them.

20.     Mentor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies them.

21.     Mentor admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Mentor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore denies them.

23.     Mentor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and therefore denies them.

24.     Mentor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore denies them.

25.     Mentor admits the allegations contained in Paragraph 25 of Plaintiff's

Complaint.

26.    Mentor admits the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.    The allegations contained in Paragraph 27 of Plaintiff's Complaint assert legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.    Mentor admits that the FDA approved Mentor's Adjunct Study and Core Study.  Mentor denies that remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.    Mentor admits the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.    Mentor admits the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.    Mentor admits that the FDA conducted an investigation into the manufacturing process for the breast implants made at the Texas plant. Mentor denies the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.    The allegations in Paragraph 32 of Plaintiff's Complaint purport to describe the complaint filed on May 6, 1998 in the United States Court for the Northern District of Texas in the case captioned *United States v. Mentor, et al.*, 3:98-cv-01105-G (the "Texas Litigation"). To the extent that Plaintiff purports to characterize that complaint, the complaint itself is the best evidence of its content, and Mentor

denies any inconsistent description or characterization of the same.

33.     The allegations in Paragraph 33 of Plaintiff's Complaint purport to describe the Consent Decree and Judgment of Permanent Injunction (the "Consent Decree") that was entered in the Texas Litigation. To the extent that Plaintiff purports to characterize that Consent Decree, the Consent Decree itself is the best evidence of its content, and Mentor denies any inconsistent description or characterization of the same.

34.     The allegations in Paragraph 34 of Plaintiff's Complaint purport to describe the Consent Decree that was entered in the Texas Litigation. To the extent that Plaintiff purports to characterize that Consent Decree, the Consent Decree itself is the best evidence of its content, and Mentor denies any inconsistent description or characterization of the same.

35.     Mentor admits the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     The allegations in Paragraph 36 of Plaintiff's Complaint purport to describe the testimony of John C. Karjanis in the Texas Litigation. To the extent that Plaintiff purports to characterize that testimony, the testimony itself is the best evidence of its content, and Mentor denies any inconsistent description or characterization of the same.

37.     The allegations in Paragraph 37 of Plaintiff's Complaint purport to describe the testimony of John C. Karjanis in the Texas Litigation. To the extent that Plaintiff purports to characterize that testimony, the testimony itself is the best

6

evidence of its content, and Mentor denies any inconsistent description or characterization of the same.

38.     The allegations in Paragraph 38 of Plaintiff's Complaint purport to describe the testimony of Cynthia Fain in the Texas Litigation. To the extent that Plaintiff purports to characterize that testimony, the testimony itself is the best evidence of its content, and Mentor denies any inconsistent description or characterization of the same.

39.     Mentor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint and therefore denies them.

40.     Mentor denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     Mentor admits the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     Mentor admits that the FDA approved Mentor's request for pre-market approval ("PMA"). Mentor refers to the PMA approval order applicable to its implants for a full statement of its contents and requirements. The remaining allegations contained in Paragraph 42 of Plaintiff's Complaint are legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     Mentor refers to the PMA approval order applicable to its implants for a full statement of its contents and requirements. The remaining allegations contained

in Paragraph 43 of Plaintiff's Complaint are legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the remaining allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     Mentor denies the allegations contained in Paragraph 44 of Plaintiff's Complaint

45.     Mentor refers to the PMA approval order applicable to its implants for a full statement of its contents and requirements. Mentor denies the remaining allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     Mentor refers to the PMA approval order applicable to its implants for a full statement of its contents and requirements. Mentor denies the remaining allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     Mentor refers to the PMA approval order applicable to its implants for a full statement of its contents and requirements. The remaining allegations contained in Paragraph 47 of Plaintiff's Complaint are legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the remaining allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     Mentor denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     Mentor denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Mentor denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     Mentor denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     Mentor denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     Mentor refers to the PMA approval order applicable to its implants for a full statement of its contents and requirements. The remaining allegations contained in Paragraph 53 of Plaintiff's Complaint are legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the remaining allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     Mentor refers to the PMA approval order applicable to its implants for a full statement of its contents and requirements. The remaining allegations contained in Paragraph 54 of Plaintiff's Complaint are legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the remaining allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     Mentor refers to the PMA approval order applicable to its implants for a full statement of its contents and requirements. The remaining allegations contained in Paragraph 55 of Plaintiff's Complaint are legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the remaining allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     Mentor refers to the PMA approval order applicable to its implants for a full statement of its contents and requirements. The remaining allegations contained in Paragraph 56 of Plaintiff's Complaint are legal/regulatory conclusions to which no

response is required. To the extent a response is required, Mentor denies the remaining allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     Mentor denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     Mentor refers to the PMA approval order applicable to its implants for a full statement of its contents and requirements.  Mentor also refers to the FDA Update on the Safety of Silicone Gel-Filled Breast Implants for a full statement of its contents. https://www.fda.gov/downloads/medicaldevices/productsandmedicalprocedures/implantsandprosthetics/breastimplants/ucm260090.pdf.  The remaining allegations contained in Paragraph 58 of Plaintiff's Complaint are legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the remaining allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     Mentor denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     Mentor denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     Mentor denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     Mentor denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.     Mentor denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.     Mentor refers to the PMA approval order applicable to its implants for a full statement of its contents and requirements. The remaining allegations contained in Paragraph 64 of Plaintiff's Complaint are legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the remaining allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.     Mentor refers to the PMA approval order applicable to its implants for a full statement of its contents and requirements. The remaining allegations contained in Paragraph 65 of Plaintiff's Complaint are legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the remaining allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.     Mentor denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.     Mentor denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.     Mentor refers to the PMA approval order applicable to its implants for a full statement of its contents and requirements. The remaining allegations contained in Paragraph 68 of Plaintiff's Complaint are legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the remaining allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.     Mentor denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.     Mentor refers to the PMA approval order applicable to its implants for a

full statement of its contents and requirements. The remaining allegations contained in Paragraph 70 of Plaintiff's Complaint are legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the remaining allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.     Mentor denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.     Mentor refers to the PMA approval order applicable to its implants for a full statement of its contents and requirements. The remaining allegations contained in Paragraph 72 of Plaintiff's Complaint are legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the remaining allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     Mentor refers to the PMA approval order applicable to its implants for a full statement of its contents and requirements. The remaining allegations contained in Paragraph 73 of Plaintiff's Complaint are legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the remaining allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.     Mentor denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     Mentor denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.     Mentor denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.     Mentor denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

## COUNT 1
## NEGLIGENCE AND NEGLIGENCE PER SE

78.     Mentor incorporates by reference its foregoing responses to Paragraphs 1–77 of Plaintiff's Complaint as if fully set forth herein.

79.     The allegations contained in Paragraph 79 of Plaintiff's Complaint assert legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.     Mentor admits that at certain times it has manufactured, distributed, or sold MemoryGel Silicone Breast Implants. Mentor lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 80 of Plaintiff's Complaint and therefore denies them.

81.     The allegations contained in Paragraph 81 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.     The allegations contained in Paragraph 82 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.     The allegations contained in Paragraph 83 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.     The allegations contained in Paragraph 84 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.     The allegations contained in Paragraph 85 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.     The allegations contained in Paragraph 86 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.     The allegations contained in Paragraph 87 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.     The allegations contained in Paragraph 88 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and

waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 88 of Plaintiff's Complaint

89.     The allegations contained in Paragraph 89 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.     The allegations contained in Paragraph 90 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.     The allegations contained in Paragraph 91 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.     The allegations contained in Paragraph 92 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.     The allegations contained in Paragraph 93 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.     The allegations contained in Paragraph 94 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.     The allegations contained in Paragraph 95 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.     The allegations contained in Paragraph 96 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 96 of Plaintiff's Complaint, including subparagraphs (a) through (d).

97.     The allegations contained in Paragraph 97 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.     The allegations contained in Paragraph 98 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.     The allegations contained in Paragraph 99 of Plaintiff's Complaint do not

require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.   The allegations contained in Paragraph 100 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.   The allegations contained in Paragraph 101 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.   The allegations contained in Paragraph 102 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.   The allegations contained in Paragraph 103 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.   The allegations contained in Paragraph 104 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the

allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.   The allegations contained in Paragraph 105 of Plaintiff's Complaint assert legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106.   Mentor denies the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107.   The allegations contained in Paragraph 107 of Plaintiff's Complaint assert legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108.   The allegations contained in Paragraph 108 of Plaintiff's Complaint assert legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109.   Mentor denies the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110.   Mentor denies the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111.   Mentor denies the allegations contained in Paragraph 111 of Plaintiff's Complaint.

112.   Mentor denies the allegations contained in Paragraph 112 of Plaintiff's

Complaint.

113.   Mentor denies the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114.   Mentor denies the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115.   Mentor denies the allegations contained in Paragraph 115 of Plaintiff's Complaint.

116.   The allegations contained in Paragraph 116 of Plaintiff's Complaint assert legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117.   Mentor denies the allegations contained in Paragraph 117 of Plaintiff's Complaint.

118.   Mentor denies the allegations contained in Paragraph 118 of Plaintiff's Complaint.

119.   Mentor denies the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.   Mentor denies the allegations contained in Paragraph 120 of Plaintiff's Complaint.

121.   The allegations contained in Paragraph 121 of Plaintiff's Complaint assert legal/regulatory conclusions to which no response is required. To the extent a response is required, Mentor denies the allegations contained in Paragraph 121 of

Plaintiff's Complaint.

122.    Mentor denies the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123.    Mentor denies the allegations contained in Paragraph 123 of Plaintiff's Complaint.

In response to Plaintiff's paragraph beginning "WHEREFORE," Mentor denies that it is liable to Plaintiff for the requested relief or any relief whatsoever.

## COUNT 2
## STRICT PRODUCTS LIABILITY
## FAILURE TO WARN

124.    Mentor incorporates by reference its foregoing responses to Paragraphs 1–123 of Plaintiff's Complaint as if fully set forth herein.

125.    Mentor admits that at certain times it has manufactured, distributed, or sold MemoryGel Silicone Breast Implants. Mentor denies the remaining allegations in Paragraph 125 of Plaintiff's Complaint.

126.    Mentor admits that at certain times it has manufactured, distributed, or sold MemoryGel Silicone Breast Implants. Mentor denies the remaining allegations in Paragraph 126 of Plaintiff's Complaint.

127.    The allegations contained in Paragraph 127 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 127 of Plaintiff's Complaint.

128.    The allegations contained in Paragraph 128 of Plaintiff's Complaint do

not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 128 of Plaintiff's Complaint.

129.   The allegations contained in Paragraph 129 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 129 of Plaintiff's Complaint.

130.   The allegations contained in Paragraph 130 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 130 of Plaintiff's Complaint.

131.   The allegations contained in Paragraph 131 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 131 of Plaintiff's Complaint.

132.   The allegations contained in Paragraph 132 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 132 of Plaintiff's Complaint.

133.   The allegations contained in Paragraph 133 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the

allegations contained in Paragraph 133 of Plaintiff's Complaint.

134.   The allegations contained in Paragraph 134 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 134 of Plaintiff's Complaint.

135.   The allegations contained in Paragraph 135 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 135 of Plaintiff's Complaint.

136.   The allegations contained in Paragraph 136 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 136 of Plaintiff's Complaint.

137.   The allegations contained in Paragraph 137 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 137 of Plaintiff's Complaint.

138.   The allegations contained in Paragraph 138 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 138 of Plaintiff's Complaint.

139.   The allegations contained in Paragraph 139 of Plaintiff's Complaint do

not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 139 of Plaintiff's Complaint.

140.   The allegations contained in Paragraph 140 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 140 of Plaintiff's Complaint.

141.   The allegations contained in Paragraph 141 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 141 of Plaintiff's Complaint.

142.   The allegations contained in Paragraph 142 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 142 of Plaintiff's Complaint.

143.   The allegations contained in Paragraph 143 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 143 of Plaintiff's Complaint.

144.   The allegations contained in Paragraph 144 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the

allegations contained in Paragraph 144 of Plaintiff's Complaint.

145.   The allegations contained in Paragraph 145 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 145 of Plaintiff's Complaint.

146.   The allegations contained in Paragraph 146 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 146 of Plaintiff's Complaint.

147.   The allegations contained in Paragraph 147 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 147 of Plaintiff's Complaint.

148.   The allegations contained in Paragraph 148 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 148 of Plaintiff's Complaint.

149.   The allegations contained in Paragraph 149 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 149 of Plaintiff's Complaint.

150.   The allegations contained in Paragraph 150 of Plaintiff's Complaint do

not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 150 of Plaintiff's Complaint.

151.   The allegations contained in Paragraph 151 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 151 of Plaintiff's Complaint, including subparagraphs (a) through (d).

152.   The allegations contained in Paragraph 152 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 152 of Plaintiff's Complaint.

153.   The allegations contained in Paragraph 153 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 153 of Plaintiff's Complaint.

154.   The allegations contained in Paragraph 154 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 154 of Plaintiff's Complaint.

155.   The allegations contained in Paragraph 155 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court

and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 155 of Plaintiff's Complaint.

156.   The allegations contained in Paragraph 156 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 156 of Plaintiff's Complaint.

157.   The allegations contained in Paragraph 157 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 157 of Plaintiff's Complaint.

158.   The allegations contained in Paragraph 158 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 158 of Plaintiff's Complaint.

159.   The allegations contained in Paragraph 159 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 159 of Plaintiff's Complaint.

160.   The allegations contained in Paragraph 160 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 160 of Plaintiff's Complaint.

161.   The allegations contained in Paragraph 161 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 161 of Plaintiff's Complaint.

162.   The allegations contained in Paragraph 162 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 162 of Plaintiff's Complaint.

163.   The allegations contained in Paragraph 163 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 163 of Plaintiff's Complaint.

164.   The allegations contained in Paragraph 164 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 164 of Plaintiff's Complaint.

165.   The allegations contained in Paragraph 165 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 165 of Plaintiff's Complaint.

166.   The allegations contained in Paragraph 166 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court

and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 166 of Plaintiff's Complaint.

167.   The allegations contained in Paragraph 167 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 167 of Plaintiff's Complaint.

168.   The allegations contained in Paragraph 168 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 168 of Plaintiff's Complaint.

169.   The allegations contained in Paragraph 169 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 169 of Plaintiff's Complaint.

170.   The allegations contained in Paragraph 170 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 170 of Plaintiff's Complaint.

171.   The allegations contained in Paragraph 171 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 171 of Plaintiff's Complaint.

172.    The allegations contained in Paragraph 172 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 172 of Plaintiff's Complaint.

173.    The allegations contained in Paragraph 173 of Plaintiff's Complaint do not require a response as they relate to a claim that was dismissed by the district court and waived on appeal. To the extent a response is required, Mentor denies the allegations contained in Paragraph 173 of Plaintiff's Complaint.

In response to Plaintiff's paragraph beginning "WHEREFORE," Mentor denies that it is liable to Plaintiff for the requested relief or any relief whatsoever.

**COUNT 3**
**STRICT PRODUCTS LIABILITY**
**MANUFACTURING DEFECT**

174.    Mentor incorporates by reference its foregoing responses to Paragraphs 1–173 of Plaintiff's Complaint as if fully set forth herein.

175.    Mentor admits that at certain times it has manufactured, distributed, or sold MemoryGel Silicone Breast Implants. Mentor denies the remaining allegations in Paragraph 175 of Plaintiff's Complaint.

176.    Mentor admits that at certain times it has manufactured, distributed, or sold MemoryGel Silicone Breast Implants. Mentor denies the remaining allegations in Paragraph 176 of Plaintiff's Complaint.

177.    Mentor admits that at certain times it has manufactured, distributed, or sold MemoryGel Silicone Breast Implants. Mentor denies the remaining allegations in

Paragraph 177 of Plaintiff's Complaint.

178.    Mentor denies the allegations contained in Paragraph 178 of Plaintiff's Complaint.

179.    Mentor denies the allegations contained in Paragraph 179 of Plaintiff's Complaint.

180.    Mentor denies the allegations contained in Paragraph 180 of Plaintiff's Complaint.

181.    Mentor denies the allegations contained in Paragraph 181 of Plaintiff's Complaint.

182.    Mentor denies the allegations contained in Paragraph 182 of Plaintiff's Complaint.

183.    Mentor denies the allegations contained in Paragraph 183 of Plaintiff's Complaint.

184.    Mentor denies the allegations contained in Paragraph 184 of Plaintiff's Complaint.

185.    Mentor denies the allegations contained in Paragraph 185 of Plaintiff's Complaint.

186.    Mentor denies the allegations contained in Paragraph 186 of Plaintiff's Complaint.

187.    Mentor denies the allegations contained in Paragraph 187 of Plaintiff's Complaint.

In response to Plaintiff's paragraph beginning "WHEREFORE," Mentor

denies that it is liable to Plaintiff for the requested relief or any relief whatsoever.

**WHEREFORE**, Mentor prays that this Honorable Court dismiss Plaintiff's Complaint in its entirety and enter judgment in its favor and against Plaintiff.

## SEPARATE DEFENSES

NOW COMES Defendant Mentor Worldwide LLC ("Mentor"), by and through the undersigned counsel, as in the alternative to the denials contained herein, alleges that the defenses infra negate Plaintiff's claim in whole or in part. Mentor maintains that discovery and investigation may reveal that one or more of the following defenses should be available to Mentor in this matter. Mentor, therefore, asserts said defenses to preserve the right to assert them as separate and distinct defenses to Plaintiff's Complaint and to the claims therein. Upon completion of discovery, and if the facts warrant, Mentor may withdraw any of its defenses as may be appropriate. Further, Mentor reserves the right to amend this Answer to assert additional claims or defenses as discovery proceeds.

### FIRST DEFENSE – FAILURE TO STATE A CLAIM

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE – STATE LAW PRESUMPTIONS

Mentor is entitled to, and claims the benefits of, all defenses and presumptions set forth in or arising from any rule of law or statute in the state of Florida, Plaintiff's state of residence, and any other state whose law is deemed to apply in this case.

## THIRD DEFENSE – LACK OF PERSONAL JURISDICTION

Plaintiff's claims are barred for lack of personal jurisdiction.

## FOURTH DEFENSE – RESTATEMENT (SECOND & THIRD) OF TORTS

Mentor affirmatively pleads the applications of the Restatement (Second) of Torts: Products Liability § 402A and comments thereto, and/or Restatement (Third) of Torts: Products Liability §§ 2, 4, and 6, and comments thereto.

## FIFTH DEFENSE – STATUTE OF LIMITATIONS, PRESCRIPTION, AND STATUTE OF REPOSE

Some or all of Plaintiff's claims may be barred by the statute of limitations, prescription, and/or statutes of repose of the applicable state, including but not limited to Fla. Stat. § 95.11(3).

## SIXTH DEFENSE – LACK OF STANDING

Plaintiff may be barred from bringing the claims alleged in Plaintiff's Complaint because Plaintiff may lack standing and/or capacity to bring such claims.

## SEVENTH DEFENSE – FAILURE TO JOIN INDISPENSABLE PARTIES

Plaintiff may have failed to join indispensable parties or real parties in interest necessary for the just adjudication of this matter.

## EIGHTH DEFENSE – IMPROPER VENUE

Venue in the Court is improper, and this matter should be dismissed on intra-state or interstate forum non conveniens grounds.

## NINTH DEFENSE – LEARNED INTERMEDIARY/SOPHISTICATED USER

The device referred to in Plaintiff's Complaint is a medical device available only

upon the prescription and/or order of a licensed physician and/or surgeon and is not available to the general public.  Mentor provided information concerning warnings, precautions, and complications to those persons to whom the medical devices were available.  Thus, Plaintiff's claims are barred, in whole or in part, by the "learned intermediary" and or "sophisticated user" doctrines. *Felix v. Hoffmann-LaRoche, Inc.*, 540 So. 2d 102, 104 (Fla. 1989).

## <u>TENTH DEFENSE – COMPLIANCE WITH FEDERAL REGULATIONS</u>

At all relevant times, Mentor was in full compliance with all applicable federal statutes and regulations, including but not limited to the Medical Device Amendments, 21 U.S.C. § 360k, *et seq.*, to the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq.*; and other federal statutes and regulations.  Plaintiff's claims are accordingly barred.

## <u>ELEVENTH DEFENSE – COMPLIANCE WITH GOVERNMENTAL REGULATIONS</u>

Plaintiff's claims are barred because Mentor complied with all applicable state and federal statutes regarding the product at issue including the requirements and regulations promulgated by the FDA and contained in Chapter 21 of the Code of Federal Regulations. In the event that Plaintiff's claims are not barred, Mentor is entitled to a presumption that the product at issue is free from any defect or defective condition as the plans or design for the product at issue or the methods and techniques of manufacturing, inspecting, and testing the product at issue were in conformity with government standards established for the industry that were in existence at the time

33

the plans or designs for the product at issue or the methods and techniques of manufacturing, inspecting, and testing the product at issue were adopted, including but not limited to as set forth in Fla. Stat. § 768.1256.

### TWELFTH DEFENSE – PROTECTED COMMUNICATIONS

Any claims by Plaintiff relating to alleged communications with regulatory agencies in the United States government are barred in whole or in part by operation of applicable law, including the First Amendment rights of Mentor to petition the government.

### THIRTEENTH DEFENSE – FDA APPROVAL

Any of Plaintiff's potential claims for punitive damages are barred because the product at issue was manufactured and labeled in accordance with the terms of the FDA's approval of the product at issue.

### FOURTEENTH DEFENSE – STATE OF SCIENTIFIC KNOWLEDGE

Plaintiff's claims are barred in whole or in part because the product at issue provided a benefit to users of such product and greatly outweighed any risk created by using such product, any risk could not have been avoided through the use of the highest standards of scientific and technical knowledge available at the time, the benefit provided to users could not be achieved in another manner with less risk, and adequate warnings concerning the risk were provided.

### FIFTEENTH DEFENSE – ASSUMPTION OF RISK

Plaintiff knowingly and voluntarily assumed any and all risks associated with

the use of the product at issue in this case and thus the "last clear chance" and assumption of the risk doctrine bar in whole or in part the damages that Plaintiff seeks to recover herein.

## SIXTEENTH DEFENSE – LACK OF DEFECT

Plaintiff's claims are barred in whole or in part because the product at issue was at all times properly prepared, packaged, and distributed, and was not defective or unreasonably dangerous.

## SEVENTEENTH DEFENSE – LACK OF CAUSATION

Mentor states that the sole proximate cause of the injuries and/or damages alleged by Plaintiff was the actions, omissions, or negligence of a person or persons, other than Mentor, for whose actions, omissions, or negligence Mentor is in no way liable. Plaintiff is not, therefore, entitled to recover from Mentor in this action. As to Plaintiff or any other entity or person whose conduct or intervening negligence resulted in the alleged injuries and/or damages of Plaintiff, if any, Mentor expressly pleads the doctrines of assumption of the risk, contributory negligence, comparative fault and/or comparative negligence, as well as the provisions of any applicable comparative fault and/or comparative negligence and/or contributory negligence statute, law or policy of the applicable state.

## EIGHTEENTH DEFENSE – COMPARATIVE NEGLIGENCE

Plaintiff's injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiff, or persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately

reduce or bar Plaintiff's recovery.  Thus, Mentor is entitled to have its liability to Plaintiff, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of Fla. Stat. § 768.81. To the extent any recovery is permitted in this case, pursuant to Fla. Stat. § 768.81, judgment must be entered on the basis of Mentor's proportion of responsibility, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability.

### NINETEENTH DEFENSE – LACK OF FORESEEABILITY

Plaintiff's claims are barred because the injuries and damages allegedly suffered in this action, which are denied, were due to an allergic, idiosyncratic or idiopathic reaction to the product at issue in this case, or by an unforeseeable illness, unavoidable accident, or preexisting condition, and/or another unrelated medical, genetic, or environmental condition, disease or illness, without any negligence or culpable conduct by Mentor.

### TWENTIETH DEFENSE – DOCTRINAL DEFENSE

Plaintiff's claims against Mentor are barred by the doctrines of equitable estoppel, laches, consent, waiver, informed consent, release, unclean hands, res judicata, and collateral estoppel.

### TWENTY-FIRST DEFENSE – *BUCKMAN* DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred by *Buckman Co. v. Plaintiff's Legal*

*Comm.*, 531 U.S. 341 (2001).

## TWENTY-SECOND DEFENSE – FAILURE TO MITIGATE

Plaintiff's alleged damages, if any, are barred in whole or in part by Plaintiff's failure to mitigate such damages.

## TWENTY-THIRD DEFENSE – RESTATEMENT (SECOND) OF TORTS

Any strict liability claim for relief is subject to the limitations set forth in Restatement (Second) of Torts, § 402A, cmt. k (1965).

## TWENTY-FOURTH DEFENSE – PUNITIVE DAMAGES INAPPROPRIATE

Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to an award of punitive damages.

## TWENTY-FIFTH DEFENSE – LACK OF MALICIOUS MOTIVE

No act or omission of Mentor was done with gross negligence or intentional misconduct under Fla. Stat. § 768.72, or any other applicable state law, and therefore, any award of punitive damages is barred.

## TWENTY-SIXTH DEFENSE – CONSTITUTIONAL DEFENSES

The imposition of punitive or exemplary damages would violate Mentor's constitutional rights, including but not limited to those under the due process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, and similar protections afforded by the Constitution of the State of Florida, and the Constitution of any other state whose law is deemed to apply in this case, and that any law of the state of Florida, whether enacted by that state's legislature or founded upon

a decision or decisions of the courts, or that of any other state whose law is deemed to apply in this case, that would permit recovery of punitive or exemplary damages, is unconstitutional under these provisions.

### TWENTY-SEVENTH DEFENSE – DUE PROCESS CLAUSE

Mentor specifically incorporates by reference all standards of limitation regarding the determination and enforceability of punitive damages awards as applied to the state and federal courts of the applicable state under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### TWENTY-EIGHTH DEFENSE – PUNITIVE DAMAGE DEFENSE

With respect to Plaintiff's potential demand for punitive damages, Mentor specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards that arise under *BMW of North Am., Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp.*, 532 U.S. 424 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Philip Morris USA v. Williams*, 549 U.S. 346 (2006), and their progeny, as applied by the federal courts of appeals, together with all such standards applicable under any other state's law.

### TWENTY-NINTH DEFENSE – STATE-OF-THE-ART DEFENSE

At all relevant times, Mentor acted in accordance with generally recognized and prevailing standards in existence at the time, and the product at issue was designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry

standards existing at the time of the sale. Further, no economically and technologically feasible, safer alternative design existed at the time the product was manufactured, under Fla. Stat. § 768.1257.

### THIRTIETH DEFENSE – COLLATERAL SOURCE AND SETTLEMENT

Mentor is entitled to a set-off from any recovery against it to the extent each item of economic loss alleged was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, by collateral sources. Plaintiff's claims should be diminished in whole or in part in the amount paid to Plaintiff by any party or non-party with whom Plaintiff has settled or may settle.

### THIRTY-FIRST DEFENSE – MISUSE OR MODIFICATION OF PRODUCT

If any product manufactured, distributed or sold by Mentor caused harm as alleged, which is denied, then such harm was proximately caused by misuse, modification, and/or abuse of the product in a manner neither intended nor foreseen by Mentor. *See Standard Havens Products, Inc. v. Fernando Benitez*, 648 So.2d 1192 (Fla. 1994); *West v. Caterpillar Tractor Co.*, 336 So.2d 80 (Fla. 1976).

### THIRTY-SECOND DEFENSE – ADDITIONAL DEFENSES RESERVED

Mentor reserves the right to assert any additional defenses and matters in avoidance, which may be disclosed during the course of additional investigation and discovery.

**WHEREFORE**, Defendant Mentor Worldwide LLC prays as follows:

1.     That Plaintiff take nothing by virtue of the Complaint herein and that

this action be dismissed in its entirety;

2.   For costs of suit and attorneys' fees herein incurred; and

3.   For such other and further relief as the Court may deem just and

proper.

## DEMAND FOR JURY TRIAL

Defendant Mentor Worldwide LLC demands a jury trial of all issues so

triable.

Respectfully submitted,

/s/ David J. Walz
David J. Walz
Florida Bar Number 697237
Caycee D. Hampton
Florida Bar Number 0100922
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd., Suite 1000 (33607)
Post Office Box 3239
Tampa, Florida
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
Email:   dwalz@carltonfields.com
champton@carltonfields.com

*and*

NELSON MULLINS RILEY &
SCARBOROUGH LLP
Dustin B. Rawlin (special admission to be filed)
1111 Superior Avenue, Suite 530
Cleveland, OH 44114
Tel.: (216) 304-6153
Email: dustin.rawlin@nelsonmullins.com

*Attorneys for Defendant Mentor Worldwide LLC*

40